1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **EASTERN DIVISION**

11

12   BENERITO F. GABALDON,                 )    No. ED CV 21-185-DSF (PLA)
                                           )
13                    Petitioner,          )    **ORDER TO SHOW CAUSE RE: DISMISSAL**
                                           )    **OF HABEAS PETITION AS BARRED BY**
14          v.                             )    **THE  EXPIRATION OF THE STATUTE OF**
                                           )    **LIMITATIONS AND/OR AS UNEXHAUSTED**
15   J. PICKETT, Warden,                   )
                                           )
16                    Respondent.          )
                                           )
17   _____

18          Benerito F. Gabaldon ("petitioner") initiated this action on December 16, 2020, by filing a

19   Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

20   ("Petition" or "Pet.") in the United States District Court for the Eastern District of California.  (ECF

21   No. 1).  On January 19, 2021, petitioner filed a First Amended Petition (alternatively "FAP") (ECF

22   No. 8).  On February 2, 2021,the action was transferred to this Court.  (ECF No. 10).  The Petition

23   challenges petitioner's October 9, 2009, conviction in the Riverside County Superior Court, case

24   number BLF005133, for first degree robbery (Cal. Penal Code § 211), for which he was sentenced

25   to 31 years to life in state prison.  (FAP at 2).  Petitioner alleges the following:  (1) in 2003 he was

26   induced to plead guilty "to 6-7 charges" that he was told would "run together with Count #1" and

27   was never advised that he would be pleading guilty to seven separate strikes until he was

28

1   sentenced in 2009; (2) the prosecutor was biased against petitioner; (3) the prosecutor committed
2   misconduct by using bad character evidence to convict petitioner, thereby denying him a fair trial;
3   and (4) petitioner's state and federal due process rights were violated when the court in 2003
4   obtained a guilty plea on the basis of promises that were not fulfilled.  (FAP at 5-6).

5       On the face of the FAP, it appears that petitioner's claims are barred by the statute of
6   limitations, and/or are unexhausted.

7

8   **A.    STATUTE OF LIMITATIONS**

9       The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996
10  ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See
11  Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]  In most cases, the
12  limitation period begins to run from "the date on which the judgment became final by conclusion
13  of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).
14  In this case it appears from the face of the FAP that petitioner's conviction became final on
15  January 7, 2010, when the ninety-day period for filing a petition for certiorari in the Supreme Court
16  expired.[2]  Thus, petitioner had until January 7, 2011, to file his Petition.  Petitioner, however, **did**
17  **not** constructively file the instant Petition until almost **nine** years later, on December 13, 2020.

18      Consequently, the present action is untimely unless statutory or equitable tolling of the
19  limitation period is warranted.

20      This one-year limitation period is "statutorily tolled" while a "properly filed application for
21  State post-conviction or other collateral review with respect to the pertinent judgment or claim is

22  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

23      [1]   Beeler was overruled on other grounds in Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530,
    540 (9th Cir. 1998) (en banc).

24
25      [2]   To the extent, if any, that petitioner is raising claims about his **2003** conviction, not only are
    those claims also time barred but it appears that petitioner is not in custody on that conviction and,
26  therefore, cannot challenge it.  See Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403-04,
    121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) (holding that a state prisoner who has failed to pursue
27  available remedies to challenge a prior conviction (or who has done so unsuccessfully) may not
    collaterally attack that conviction later through a motion under 28 U.S.C. § 2254 directed at the
28  enhanced state sentence).  Id. at 403-04.

pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to his claims, through a particular post-conviction petition or application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Here, as stated above, petitioner was convicted on October 9, 2009. (FAP at 2). Although petitioner contends that he previously filed unspecified petitions, applications, or motions with respect to his judgment in the "Lower Courts, State Courts" that were denied, including an unspecified petition that was denied by an unspecified state court in "September,"[3] he provides no information as to when those petitions were filed, what claims were raised, what state court they were filed in, or the complete date on which they were denied. Petitioner constructively filed the instant Petition on December 13, 2020. (ECF No. 1). Petitioner has presented nothing to show that he is entitled to statutory tolling.

Nor does it appear that petitioner is entitled to equitable tolling. The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary

---

[3]    A search of the California courts case information website reflects that petitioner filed (1) a direct appeal in the California Court of Appeal, in case number E050012, on January 11, 2010, that was denied on February 4, 2011; and (2) a habeas petition in the California Supreme Court, in case number S264400, that was filed on September 11, 2020, and denied on November 24, 2020. See http://www.appellatecases.courtinfo.ca.gov (last visited February 4, 2021).

1  circumstances made it impossible to file a petition on time." <u>Ramirez v. Yates</u>, 571 F.3d 993, 998

2  (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted). Petitioner has

3  presented nothing to show that he is entitled to equitable tolling.

4         On the face of the FAP, therefore, it appears that the action is barred by the statute of

5  limitations and that petitioner is not entitled to either statutory or equitable tolling.

6

7  **B.  EXHAUSTION**

8         As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

9  petitioner has exhausted the available state judicial remedies on every ground presented in the

10  petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The

11  habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

12  not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

13  in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

14  circumstances exist that render such process ineffective to protect the rights of the applicant." 28

15  U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived

16  expressly by the state, through counsel. <u>See</u> 28 U.S.C. § 2254(b)(3).

17         Exhaustion requires that petitioner's contentions be fairly presented to the *state supreme*

18  *court* even if that court's review is discretionary. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845-47, 119

19  S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>James v. Giles</u>, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).

20  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

21  invoking one complete round of the State's established appellate review process" in order to

22  exhaust his claims. <u>O'Sullivan</u>, 526 U.S. at 845. A claim has not been fairly presented unless the

23  prisoner has described in the state court proceedings both the operative facts and the federal legal

24  theory on which his claim is based. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887,

25  130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

26  (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996); <u>Bland v. Cal. Dep't of Corr.</u>, 20 F.3d

27  1469, 1473 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir.

28  2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still

4

pending in state court.  <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); <u>Schnepp v. Oregon</u>, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner states only that he previously filed petitions in the "Lower Courts, State Courts," alleging prosecutorial misconduct and bias; violation of provisions of state and federal constitutions prohibiting the impairment of contracts; and cruel and unusual punishment (seemingly the same claims raised in this action), that were denied in "September."  (FAP at 3-4). He also states that he did *not* submit an appeal to the state's highest court from the result of any action taken on any petition, because he was "exhausting Remedies." (<u>Id.</u> at 4).  As noted above, however, petitioner provides no information as to when those petitions were filed, what claims he raised, what state court they were filed in, or the complete date on which they were denied.

As the claims in the FAP thus appear to be unexhausted, the FAP is subject to being denied and the action dismissed without prejudice.  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

## C.   ORDER TO SHOW CAUSE AND LEAVE TO FILE AN AMENDED PETITION

Based on the foregoing, petitioner is **ordered to show cause** why the instant FAP should not be denied and the action dismissed as barred by the statute of limitations and/or for failure to exhaust.  Based on the circumstances here, however, and as the FAP was not presented on the Central District form Petition for Writ of Habeas Corpus and, in any event, was not completely and accurately completed, **petitioner is granted leave to file a Second Amended Petition to satisfy this Order to Show Cause**.

/

/

/

The Second Amended Petition must be filed **by March 5, 2021**, be clearly labeled "Second Amended Petition," and have the same case number (ED CV 21-185-DSF (PLA)).  The Second Amended Petition **must utilize the form petition** that will accompany this Order, and must be **completely filled out.**  Specifically, petitioner must include information relating to all previous appeals (see form Petition sections 3, 4, and 5), as well as habeas petitions (or other applications for collateral review) filed by petitioner in state court (see form Petition section 6).  Additionally, **in section 8 of the Second Amended Petition, petitioner must:  (1) state each and every** ***federal*** **constitutional claim that he seeks to raise in this action; (2) state the facts that support each claim; and (3) answer all of the questions pertaining to each claim,** ***including whether he has exhausted his state court remedies by raising each claim in the California Supreme Court.***

**C.    Option to File Voluntary Dismissal**

Alternatively, if petitioner agrees that the instant FAP should be denied and the action dismissed as time barred, and/or for failure to exhaust claims, he may instead file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41").  Rule 41 allows for the voluntary dismissal of an action by a petitioner without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987).  Respondent -- who has not yet been served in this action -- has not filed either an answer or a motion for summary judgment.  If petitioner elects to file a Rule 41 voluntary dismissal, he should not file a Second Amended Petition.

* * *

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

/

/

1    **Failure to respond as ordered by March 5, 2021, will result in the FAP being denied**

2    **and the action being summarily dismissed as time barred and/or for failure to exhaust, as**

3    **well as for failure to prosecute and follow court orders.**

4

5    DATED:  February 5, 2021

6    _____

                                PAUL L. ABRAMS
                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28